Jessica Molligan, 001823
jessicamolligan@comcast.net
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447

Attorney for Plaintiff
Tai Pham-William

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON PORTLAND DIVISION

| | |
|---|---|
| Tai Pham-William,<br><br>        Plaintiff,<br><br>v.<br><br>Synchrony Bank; Canvas Credit Union; Exeter Finance LLC; National Credit Systems, Inc.; Westerra Credit Union; Service Credit Union; Self-Help Credit Union; State Employees Credit Union; VW Credit Inc; Bank of the West; Equifax Information Services, LLC; Experian Information Solutions, Inc, and Trans Union, LLC<br><br>        Defendants. | Case No.:<br><br>**Complaint for Damages:**<br>    1. **Violation of Fair Credit Reporting Act** |

Plaintiff, Tai Pham-William, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.        INTRODUCTION

1.        This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

COMPLAINT

## II.     PARTIES

2.      Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Multnomah, Oregon.

3.      At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4.      Defendants, Synchrony Bank ("Synchrony"), Canvas Credit Union ("Canvas"), Exeter Finance LLC ("Exeter"), National Credit Systems, Inc. ("NCS"), Westerra Credit Union ("Westerra"), Service Credit Union ("Service CU"), Self-Help Credit Union ("SHCU"), State Employees Credit Union ("State CU"), VW Credit Inc ("VW"), and Bank of the West ("BOW"), each are and at all times relevant hereto were, a lending institution regularly doing business in the State of Oregon.

5.      At all times pertinent hereto Defendants, Synchrony, Canvas, Exeter, NCS, Westerra, Service CU, SHCU, State CU, VW, and BOW each was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6.      Defendant, Synchrony Bank, is a lending institution which regularly does business in the State of Oregon.

7.      Defendant, National Credit Systems, Inc., is a lending institution licensed to do business in Oregon and has designated the following registered agent: CT Corporation System, 780 Commercial ST SE STE 100, Salem, OR 97301.

8.      Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in Oregon and has designated the following registered statutory agent: CORPORATION SERVICE COMPANY, 1127 BROADWAY STREET NE STE 310 Salem, OR 97301.

9.      Defendant, Experian Information Solutions ("Experian") is a credit reporting agency, licensed to do business in Oregon and has designated the following registered statutory agent: CT Corporation System, 780 Commercial St. SE STE 100,

Salem, OR 97301.

10.    Defendant, TransUnion, LLC ("TransUnion") is a credit reporting agency, licensed to do business in Oregon and has designated the following registered statutory agent: VIOREL M LUKA 3615 SE 118TH AVE Portland, OR 97266.

11.    Defendants Equifax, Experian, and TransUnion each are and at all times relevant hereto were, regularly doing business in the State of Oregon.

12.    Equifax, Experian, and TransUnion each is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

13.    Equifax, Experian, and TransUnion each furnishes such consumer reports to third parties under contract for monetary compensation.

14.    At all times pertinent hereto, Defendant Experian, Equifax, and TransUnion, each was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.    JURISDICTION AND VENUE

15.    That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

16.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Multnomah County, Oregon and Defendants do business in Oregon.

17.    Personal jurisdiction exists over Defendants as Plaintiff resides in Oregon, Defendants have the necessary minimum contacts with the state of Oregon, and this suit arises out of specific conduct with Plaintiff in Oregon.

### IV.    FACTUAL ALLEGATIONS

18.    Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Synchrony, Canvas, Exeter, NCS, Westerra, Service CU, SHCU, State CU, VW, BOW, Equifax, TransUnion, and Experian (collectively, "Defendants"), and has

COMPLAINT

suffered particularized and concrete harm.

19.     Equifax, TransUnion, and Experian are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

20.     The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

21.     Equifax, TransUnion, and Experian have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy."  15 U.S.C. §1681(e)(B).

22.     In May of 2020 Plaintiff became a victim of identity theft.

23.     Plaintiff's personal information was used without his knowledge to open accounts with Synchrony, Canvas, Exeter, NCS, Westerra, Service CU, SHCU, State CU, VW, and BOW without his knowledge or authorization.

24.     On or around December 1, 2020, Plaintiff discovered Defendant Synchrony, Canvas, Exeter, NCS, Westerra, Service CU, SHCU, State CU, and VW each erroneously reported the fraudulent accounts on Plaintiff's Experian consumer report.

25.      On or around December 1, 2020, Plaintiff discovered Defendant Synchrony, Exeter, NCS, Westerra, Service CU, SHCU, and State CU each erroneously reported the fraudulent accounts on Plaintiff's Equifax consumer report.

26.     On or around December 1, 2020, Plaintiff discovered Defendant BOW erroneously reported the fraudulent account on Plaintiff's TransUnion consumer report.

27.     Because each account listed above in paragraphs 22 through 24 was fraudulently opened, Defendants' representations that Plaintiff was responsible for the debt on each account is false.

28.     Equifax, Experian, and TransUnion published the false information regarding Plaintiff to third parties.

29.     The false information regarding the Accounts appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's

credit history and creditworthiness.

**PLAINTIFF'S WRITTEN DISPUTE**

30.    On or about December 1, 2020, Plaintiff sent written dispute letters to Equifax, Experian, and TranUnion, disputing the inaccurate information regarding the specific Accounts reporting on each of Plaintiff's consumer reports, provided supporting documentation and included a copy of an Identity Theft Report to the FTC (the "Disputes").

31.    Upon information and belief, Equifax forwarded Plaintiff's Equifax Dispute to Defendant Synchrony, Exeter, NCS, Westerra, Service CU, SHCU, and State CU.

32.    Upon information and belief, Experian forwarded Plaintiff's Experian Dispute to Defendant Synchrony, Canvas, Exeter, NCS, Westerra, Service CU, SHCU, State CU, and VW.

33.    Upon information and belief, TransUnion forwarded Plaintiff's TransUnion Dispute to Defendant BOW.

34.    Upon information and belief, Synchrony, Canvas, Exeter, NCS, Westerra, Service CU, SHCU, State CU, and VW each received notification of Plaintiff's Dispute Letter from Experian.

35.    Upon information and belief, Synchrony, Exeter, NCS, Westerra, Service CU, SHCU, and State CU, each received notification of Plaintiff's Dispute Letter from Equifax.

36.    Upon information and belief, BOW received notification of Plaintiff's Dispute Letter from TransUnion.

37.    Upon information and belief, Synchrony, Canvas, Exeter, NCS, Westerra, Service CU, SHCU, State CU, and VW, each verified the erroneous information associated with the Accounts to Experian.

38.    Upon information and belief, Synchrony, Exeter, NCS, Westerra, Service CU, SHCU, and State CU each verified the erroneous information associated with the

Accounts to Equifax.

39.    Upon information and belief, BOW verified the erroneous information associated with the Account to TransUnion.

40.    Synchrony, Canvas, Exeter, NCS, Westerra, Service CU, SHCU, State CU, VW, and BOW each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

41.    Equifax, Experian, and TransUnion each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

42.    Upon information and belief, Synchrony, Canvas, Exeter, NCS, Westerra, Service CU, SHCU, State CU, and VW failed to instruct Experian to remove the false information regarding the Accounts reporting on Plaintiff's consumer report.

43.    Upon information and belief, Synchrony, Exeter, NCS, Westerra, Service CU, SHCU, and State CU failed to instruct Equifax to remove the false information regarding the Accounts reporting on Plaintiff's consumer report.

44.    Upon information and belief, BOW failed to instruct TransUnion to remove the false information regarding the Account reporting on Plaintiff's consumer report.

45.    Equifax, TransUnion, and Experian employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's Dispute Letters.

46.    At no point after receiving the Dispute Letters did Synchrony, Canvas, Exeter, NCS, Westerra, Service CU, SHCU, State CU, VW, BOW, Equifax, TransUnion, and/or Experian communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

47.    Equifax, TransUnion, and Experian relied on their own judgment and the information provided to them by Synchrony, Canvas, Exeter, NCS, Westerra, Service

CU, SHCU, State CU, VW, and BOW rather than grant credence to the information provided by Plaintiff.

COUNT I – EQUIFAX, EXPERIAN, AND TRANSUNION

FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

48.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

49.    After receiving the Dispute Letters, Equifax, Experian, and TransUnion each failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer report.

50.    Defendant Equifax, Experian, and TransUnion each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax, Experian, and TransUnion published and maintained concerning Plaintiff.

51.    As a result of this conduct, action and inaction of Defendant Equifax, Experian, and TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

52.    Defendant Equifax, Experian, and TransUnion's conduct, action, and inaction were willful, rendering Defendant Equifax, Experian, and TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

53.    In the alternative, Defendant Equifax, Experian, and TransUnion were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

54.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, Experian, and TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

COUNT II – EQUIFAX, EXPERIAN, AND TRANSUNION

FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

55.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set

forth herein.

56.    After receiving the Dispute Letters, Equifax, Experian, and TransUnion failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer reports.

57.    Defendant Equifax, Experian, and TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

58.    As a result of this conduct, action and inaction of Defendant Equifax, Experian, and TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

59.    Defendant Equifax, Experian, and TransUnion's conduct, action, and inaction were willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

60.    In the alternative, Defendant Equifax, Experian, and TransUnion each was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

61.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, Experian, and TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – Synchrony, Canvas, Exeter, NCS, Westerra, Service CU, SHCU, State CU, VW, and BOW

#### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

62.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

63.    After receiving the Dispute Letters, Synchrony, Canvas, Exeter, NCS, Westerra, Service CU, SHCU, State CU, and VW failed to correct the false information

COMPLAINT

1  regarding the Accounts reporting on Plaintiff's consumer report.

2  64.    Defendant Synchrony, Canvas, Exeter, NCS, Westerra, Service CU, SHCU,

3  State CU, VW, and BOW each violated 15 U.S.C. §1681s-2(b) by failing to fully and

4  properly investigate Plaintiff's disputes of Defendants representations; by failing to

5  review all relevant information regarding Plaintiff's disputes; by failing to accurately

6  respond to credit reporting agencies; by verifying false information; and by failing to

7  permanently and lawfully correct its own internal records to prevent the re-reporting

8  of Defendant Synchrony, Canvas, Exeter, NCS, Westerra, Service CU, SHCU, State CU,

9  VW, and BOW's representations to consumer credit reporting agencies, among other

10  unlawful conduct.

11  65.    As a result of this conduct, action, and inaction of Defendant Synchrony,

12  Canvas, Exeter, NCS, Westerra, Service CU, SHCU, State CU, VW, and BOW, Plaintiff

13  suffered damages, and continues to suffer, actual damages, including economic loss,

14  damage to reputation, emotional distress, and interference with Plaintiff's normal and

15  usual activities for which Plaintiff seeks damages in an amount to be determined by

16  the trier of fact.

17  66.    Defendant Synchrony, Canvas, Exeter, NCS, Westerra, Service CU, SHCU,

18  State CU, VW and BOW's conduct, action, and inaction was willful, rendering

19  Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

20  67.    In the alternative, Defendant Synchrony, Canvas, Exeter, NCS, Westerra,

21  Service CU, SHCU, State CU, VW, and BOW each was negligent, entitling Plaintiff to

22  recover damages under 15 U.S.C. §1681o.

23  68.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant

24  Synchrony, Canvas, Exeter, NCS, Westerra, Service CU, SHCU, State CU, VW and

25  BOW pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

26  ### PRAYER FOR RELIEF

27  **WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants

28  for willful noncompliance of the Fair Credit Reporting Act and seeks her statutory

remedies as defined by 15 U.S.C. § 1681 and demands:

A.  Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B.  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C.  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D.  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted March 4, 2021

MCCARTHY LAW, PLC

By:  _/s/ Jessica Molligan_
Attorneys for Plaintiff

COMPLAINT